IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHELLE ALLSOP, | ) | |
| | ) | Case No. 02-BK-13750 (PJW) |
| Appellant, | ) | |
| Movant below, | ) | Civil Action No.: 04-942-KJA |
| | ) | |
| v. | ) | |
| | ) | |
| DIAMLER-CHRYSLER FINANCIAL COMPANY, LLC, | ) ) | |
| | ) | |
| Appellee, | ) | |
| Respondent below. | ) | |

**APPELLEE, DAIMLER-CHRYSLER FINANCIAL COMPANY, LLC'S
APPENDIX TO ITS MOTION TO DISMISS APPEAL WITH
<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

RICHARD D. BECKER, ESQ.
DE Bar ID #2203
BECKER & BECKER, P.A.
534 Greenhill Avenue
Wilmington, DE 19805
(302) 654-5374
(302) 654-7936 facsimile
rick.becker@delanet.com
Local Counsel for Daimler-Chrysler

DEILY, MOONE & GLASTETTER
8 Thurlow Terrace
Albany, NY 12203
Counsel for Daimler-Chrysler

Date filed: July 7, 2005

**TABLE OF CONTENTS**

1. Memorandum of Points and Authorities, Lindsey, J., (June 23, 2004)    A-1

2. Notice of Transmittal of Appeal (August 13, 2005)    A-7

3. Affidavit of Richard D. Becker    A-9

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In Re:                    )   Chapter 7
                          )
MICHELLE ALLSOP,          )   Case No. 02-13750 (PJW)
                          )
         Debtor.          )

## MEMORANDUM OPINION AND ORDER

Matthew R. Fogg                     Richard D. Becker
Doroshow, Pasquale, Krawitz,        Becker & Becker, P.A.
  Siegel & Bhaya                    534 Greenhill Avenue
1202 Kirkwood Highway               Wilmington, DE 19805
Wilmington, DE 19805

Attorneys for Debtor                Attorneys for Daimler-Chrysler
                                    Financial Company, LLC

Dated: June 23, 2004

A-1

LINDSEY, J.

## BACKGROUND

Debtor filed her Motion for Rule to Show Cause in this action in which she requested that Daimler-Chrysler Services ("Daimler") be ordered to return a certain 2001 Dodge vehicle which had been repossessed, to pay for the repair of damage done to the vehicle while it was in Daimler's possession, and to pay Debtor's attorneys' fees and costs incurred in obtaining the requested relief.

Debtor was the co-debtor with Mr. Joseph Anderson on a retail installment contract with Daimler with regard to the vehicle. When she filed her Chapter 7 petition, she included her statement of intention to surrender her interest in the vehicle, because she believed that Mr. Anderson, who had been responsible for the payments, was current on their obligation to Daimler. Debtor's attorney then signed a stipulation with Daimler for relief from the automatic stay. Although such stipulation was based on Debtor's statement of intention, Debtor contends that it was signed without her knowledge or consent. The vehicle was subsequently repossessed by Daimler on or about February 11, 2003. Not wishing to have the vehicle damaged, Debtor and Mr. Anderson provided the keys to the vehicle to the persons repossessing it.

Thereafter, Debtor amended her statement of intention, a stipulation was entered into with Daimler, the account was brought current and after a hearing, the vehicle was ordered returned to Debtor. When it was returned, Mr. Anderson refused to sign a release or to accept the vehicle "as is," because it had been damaged. It was returned in May 2003 without the requirement of a release. After a significant period of time and extensive negotiations, Debtor and Daimler entered into a stipulation under which Debtor agreed to surrender the 2001 vehicle and purchase

2

A-2

a 2004 vehicle of the same make and model. Daimler agreed to finance the purchase of the new vehicle, and the parties agreed that the automatic stay was terminated with regard to any action taken by Daimler to recover possession and dispose of the 2001 vehicle. The Court ultimately adopted the stipulation in the form of an Order dated March 8, 2004.

## DISCUSSION AND DECISION

The matter is now before this Court for a determination of Daimler's liability regarding the following: the value of certain personal property of Debtor which was allegedly lost during the repossession of the 2001 vehicle; towing fees for the vehicle after it was ultimately returned; the cost of an estimate of needed repairs to the vehicle; automobile rental charges after the repossession of the 2001 vehicle and before the purchase of the 2004 vehicle; maintenance charges on a Florida time-share property, which Debtor asserts she was unable to pay because of the need to pay rental charges on replacement vehicles; and Debtor's attorneys' fees incurred by her in bringing and prosecuting this action.

At the commencement of the evidentiary hearing held June 18, 2004, the parties announced that they had reached an agreement as to the value of personal property lost in the 2001 vehicle, and that Daimler would pay Debtor the agreed upon value.[1]

---

[1] The personal property in question was several hundred music compact discs. This Court finds it somewhat incredible that anyone would carry that many compact discs at any one time in one's vehicle, and even more incredible that when voluntarily relinquishing possession of the vehicle to repossession agents, no effort would be made to remove personal property prior to the repossession. It is also noted that there is absolutely no mention of personal property or its loss in the pleadings.

3

A-3

It is evident to this Court that the repossession of the 2001 vehicle was due to the failure of Debtor and Mr. Anderson to maintain a current account on the retail installment agreement with Daimler. Daimler's repossession of the vehicle was proper and was merely pursuant to the stipulation lifting the automatic stay and Debtor's original statement of intention to abandon the vehicle. Daimler has accepted responsibility for the damage to the vehicle and the loss of the personal property, as both occurred while the vehicle was in Daimler's constructive possession.

Debtor has also contended that because she was without her vehicle and had to rent a replacement, she was unable to make the annual maintenance payment on a Florida time-share property. She contended that due to her failure to pay this amount, she could not use the property or "bank" the week to exchange for another time or property. For an unemployed Debtor in bankruptcy to assert that the automobile financing agency which properly repossessed her vehicle should be responsible to her for her inability to pay the annual maintenance fee on a vacation time-share in Florida is, in this Court's view, so far-fetched as to not require serious discussion. Daimler will not be held responsible for this amount.

Nor should Daimler be held responsible for Debtor's costs related to renting a replacement vehicle for the period during which the vehicle was repossessed. For 140 days during the period February 13 through August 11, 2003, Debtor rented various vehicles from Enterprise Leasing Company of Philadelphia for a total of $3,838.30. During the period August 12, 2003 through January 5, 2004, Debtor rented a Geo Tracker for 17 days and a Pontiac Vibe for 130 days from her mother's wholly-owned company.

Daimler has accepted the belated surrender of the 2001 vehicle. It has agreed not to proceed against Mr. Anderson for what would apparently have been a deficiency of

4

A.4

approximately $4,000, the amount by which the balance due on the retail installment contract exceeded the vehicle's value at the time of its surrender. It has agreed to finance a 2004 vehicle substantially identical in features to the "loaded" 2001 vehicle, at the same interest rate which Debtor and Mr. Anderson were obligated for under the original contract. Through inadvertence, Debtor was given a $3,000 manufacturer's rebate on the 2004 vehicle to which she should not have been entitled. Daimler, which had not as yet approved the financing contract, agreed not to question or remove the rebate.

Finally, as to the attorneys' fees incurred by Debtor in bringing and prosecuting this action, counsel has not asserted any basis whatsoever, statutory or otherwise, which would require or justify a departure from the traditional "American Rule," whereby each party to the litigation is responsible for its own attorneys' fees and costs in the absence of specific statutory authority to the contrary. Debtor will not be awarded her attorneys' fees or costs.

In summary, although Debtor was obviously inconvenienced by the damage to her vehicle, she has been more than amply compensated for that inconvenience by the actions and forbearance of Daimler. As is noted above, Daimler has also agreed to pay to Debtor a stipulated amount in excess of $3,000 for the loss of certain personal property alleged to have been in the 2001 vehicle when it was repossessed.

This Court also notes that, but for the controversy which arose after the damage of the repossessed vehicle, Debtor would have been required to make monthly automobile finance payments in the amount of approximately $400 per month and to obtain and pay for automobile insurance, which Debtor had cancelled when the 2001 vehicle was repossessed. Thus, her insistence that she be reimbursed for the total cost of automobile rentals over a period of almost

5

A-5

11 months is unsupportable. Similarly, the towing fees and repair estimate, both of which were incurred approximately nine months after the vehicle was originally repossessed, constitute litigation expense for which Daimler should not be held responsible.

Therefore, based upon the evidence and the record in this proceeding, this Court is of the view that justice will be best served by simply leaving the parties as it found them, and declining to award Debtor any amounts or benefits in excess of those which she has already received or which the parties have agreed that she will receive in the future.

IT IS SO ORDERED.

_____
Paul B. Lindsey
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

Clerk of the Court
824 Market Street
Wilmington DE 19801
(302) 252-2900

Date: August 13, 2004

To: Peter Dalleo, Clerk
U. S. District Court
District of Delaware
U. S. Courthouse - 844 King Street
Wilmington DE 19801

Re: Michelle E. Allsop
Case No. 02-13750 (PJW)
AP-04-74



04 - 942

    Enclosed please find the bankruptcy Record on Appeal # AP-04-74. Appellant has designated items however, hard copies of the designated items have not been received. Please acknowledge receipt on the copy provided.

Sincerely,

David Bird, Clerk

By: /s/ Matthew J. Yrino
Deputy Clerk

__X__ Filing fee paid on July 2, 2004.

_____ Filing fee not paid

I hereby acknowledge receipt of the above Record on Appeal this _____ day of _____, 2004.

By: /s/ Munica Nooly
Deputy Clerk, U.S. District Court

## >>>>NO APPELLEE DESIGNATIONS<<<<

A-7

60

**TRANSMITTAL SHEET FOR APPEAL SUBMITTED TO U.S. DISTRICT COURT**

Case Number: 02-13750 (PJW)
Deputy Clerk Transferring Case: Matthew J. Yovino (302) 252-2543
Case Type: Appeal - AP-04-74

**Order, Date Entered and Issues**

Memorandum Opinion and Order. (Re: Motion for Rule to Show Cause) (Related Docket Nos. 14) [Order Docket No. 46 signed 6/23/04].

| | |
|---|---|
| **Debtors:** | Michelle Allsop |
| **Counsel:** | N/A |
| | 33 Boxelder Lane |
| | Bear, DE 19701 |
| **Telephone:** | (302) 326-2462 |
| | |
| **Appellant(s):** | Michelle Allsop |
| **Counsel:** | N/A |
| | 33 Boxelder Lane |
| | Bear, DE 19701 |
| **Telephone:** | (302) 326-2462 |
| | |
| **Appellees:** | DaimlerChysler Financial Company, LLC |
| **Counsel:** | **Richard D. Becker** |
| | Becker & Becker, P.A. |
| | 534 Greenhill Avenue |
| | Wilmington, DE 19805 |
| **Telephone:** | **(302) 654-5374** |

A-8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE ALLSOP, ) | |
| ) | Case No. 02-BK-13750 (PJW) |
| Appellant, ) | |
| Movant below, ) | Civil Action No.: 04-942-KJA |
| ) | |
| v. ) | |
| ) | |
| DIAMLER-CHRYSLER FINANCIAL ) | |
| COMPANY, LLC, ) | |
| ) | |
| Appellee, ) | |
| Respondent below. ) | |

STATE OF DELAWARE    )
                     ) ss:
NEW CASTLE COUNTY    )

### AFFIDAVIT OF RICHARD D. BECKER

BE IT REMEMBERED, this 7th Day of July, A.D., 2005, personally appeared before the undersigned, a notary public for the State and County aforesaid, RICHARD D. BECKER, known personally to me to be such, who after being duly sworn according to the law, did depose and say:

1. He is local counsel for the Appellee in the captioned matter;
2. That as of the execution of this Affidavit, his office had not received copies of any Opening Brief of the Appellant;
3. That at 10:00 a.m. on July 7, 2005, he checked the CM/ECF docket for this matter. The last docket item was Appellant's 4/25/05 letter as to a briefing schedule. No Opening Brief had been filed, despite Appellant's agreement to serve and file the same by July 1, 2005.

_____
RICHARD D. BECKER

SWORN TO AND SUBSCRIBED, the day and year aforesaid.

_____
Notary Public

CAROL A. WINNER
NOTARY PUBLIC-DELAWARE
COMMISSION EXPIRES 10/07/0

A-9